**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRIS CAROLINA MOYA-VALENCIA, | No. 09-70567 |
| Petitioner, | Agency No. A094-917-952 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

Iris Carolina Moya-Valencia, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

asylum and withholding of removal, and protection under the Convention Against

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

We reject Moya-Valencia's claim that she is eligible for asylum and withholding of removal based on her membership in a particular social group.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence"); *Ramos-Lopez v. Holder*, 563 F.3d 855, 860-62 (9th Cir. 2009) (rejecting as a particular social group "young Honduran men who have been recruited by [a gang], but who refuse to join.").  Moya-Valencia's contention that the Court should consider her political opinion or imputed political opinion was not raised to the agency.  *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (court lacks jurisdiction over issues not previously raised to the BIA); *Velasco-Cervantes v. Holder*, 593 F.3d 975, 978 n. 3 (9th Cir. 2010) (no jurisdiction to consider political opinion not raised to the agency).

Accordingly, because Moya-Valencia failed to demonstrate that she was persecuted on account of a protected ground, we deny the petition as to her asylum and withholding of removal claims. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

Substantial evidence supports the agency's denial of Moya-Valencia's CAT claim because she failed to show it is more likely than not that she will be tortured if returned to El Salvador. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**